MEMORANDUM *
Petitioner Tony Asberry appeals from the district court’s judgment denying his habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
Asberry claims that Fresno County Jail interfered with his right to counsel by refusing to provide him medication to treat his psychotic disorder. He argues that the lack of medication in turn rendered his decision to waive his right to counsel involuntary in violation of the Sixth Amendment. The California Court of Appeal denied Asberry’s habeas petition for failure to state a prima facie case for relief. See People v. Duvall, 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252, 1258 (1995) (“If no prima facie case for relief is stated, the court will summarily deny the petition.”). The question before us is whether, given the facts alleged by Asberry before the state court, the court’s summary rejection of his claim was, in light of the entire state court record, an unreasonable application of federal law. See Cullen v. Pinholster, — U.S. -, - n. 12, 131 S.Ct. 1388, 1400 n. 12, 179 L.Ed.2d 557 (2011); 28 U.S.C. § 2254(d).
Asberry has a constitutional right to waive counsel, but the waiver must be voluntary. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (there must be a knowing and intelligent decision to forgo counsel after the defendant is informed of “the dangers and disadvantages of self-representation”). He must also be competent to waive his right to counsel. See Godinez v. Moran, 509 U.S. 389, 400-01, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).
Asberry contends that his decision to proceed without counsel was not a “voluntary decision” but rather the “product of a delusion emanating from his untreated psychosis rather than his ‘free will.’ ” As evidence of that delusion, Asberry submit *676 ted doctors’ reports and records of his medication that show he suffered from a psychotic disorder. Asberry also submitted an Inmate Grievance Form he filed with prison officials, indicating that Asber-ry had made numerous requests to see doctors in the days leading up to his decision to waive counsel.
To the extent that Asberry contends his mental capacity influenced his decision to waive counsel, our analysis should focus on Asberry’s competency to waive counsel, rather than whether he made a knowing and intelligent waiver of that right. See Godinez, 509 U.S. at 401 n. 12, 113 S.Ct. 2680 (“The focus of a competency inquiry is the defendant’s mental capacity; the question is whether he has the ability to understand the proceedings.”). If construed as such, it is clear that the trial judge considered Asberry’s competency to proceed without counsel and determined that Asberry was competent to waive counsel. Because a trial judge “will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant” than will a reviewing court, a reviewing court should be hesitant to disrupt that finding. Indiana v. Edwards, 554 U.S. 164, 177, 128 S.Ct. 2879, 171 L.Ed.2d 345 (2008). And although the record contains evidence of As-berry’s symptoms, diagnoses and medications-all of which attest to Asberry’s mental disorder — the record is devoid of any explanation as to how those factors affected (or did not affect) Asberry’s ability to evaluate his counsel and make a voluntary waiver of his right to counsel. Cf. Williams v. Woodford, 384 F.3d 567, 609 (9th Cir.2004) (“The declarations [of mental — health experts] do not describe how Williams’s probable mental impairment interfered with his understanding of the proceedings against him or with his ability to assist counsel in presenting a defense.”). Consequently, the denial of his petition was not an unreasonable application of federal law.
But even if we agree that Asberry’s challenge is to the voluntariness of his waiver, the result is no different. The purpose of the “ ‘knowing and voluntary’ inquiry ... is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced.” Godinez, 509 U.S. at 401 n. 12, 113 S.Ct. 2680. Here, the trial court engaged Asberry in a lengthy colloquy regarding the consequences of self-representation, and Asberry does not challenge the sufficiency of the trial court’s admonishments or its warnings about the dangers of self-representation-factors that traditionally are analyzed to determine if a waiver is “knowing and intelligent.” See, e.g., United States v. Farhad, 190 F.3d 1097, 1100 (9th Cir.1999) (per curiam) (discussing the requirement that a waiver be knowing, intelligent, and unequivocal). Moreover, the record suggests that Asberry’s decision to forgo representation was the result of a deliberate thought process. Aside from any concerns he had about his counsel, Asberry decided to proceed pro per to ensure that his trial proceeded on an expedited pace. In fact, the record shows that Asberry was willing to accept new counsel if his trial schedule would not change. Id. But when the court informed him that he was unlikely to find qualified counsel on short notice, Asberry again opted to proceed pro per. Id. The record therefore indicates that Asberry rationally weighed the benefits of proceeding with counsel on a delayed schedule against the benefits of a speedy trial and elected the latter. Consequently, the trial court’s determination that Asberry’s waiver was voluntary has not been “rebutted by clear and convincing *677 evidence” and was not “based on an unreasonable evidentiary foundation.” See McCormick v. Adams, 621 F.3d 970, 977 (9th Cir.2010). Without any further insight into how Asberry’s psychosis may have affected his decision-making process, the record supports the conclusion that the denial of habeas relief was not objectively unreasonable.
Because the state court’s determination was not “contrary to, or ... an unreasonable application of, clearly established Federal law [or] based on an unreasonable determination of the facts in light of the evidence presented,” 28 U.S.C. § 2254(d), the district court did not err in denying the petition.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.